IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.                                              No. 23-cv-0694-DHU-LF

RONALD MARTINEZ, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Bryce Franklin's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Franklin challenges his prison misconduct conviction for possession or use of dangerous drugs. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Franklin to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

### BACKGROUND

    The background facts are taken from the Petition and Franklin's state criminal dockets cited in the Petition, which are subject to judicial notice. *See* Case Nos. D-307-CV-2022-1047; S-1-SC-39799; *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

    Franklin was previously incarcerated at the Lea County Correctional Facility (LCCF). *See* Doc. 1 at 1. The Petition states that on April 13, 2023, LCCF officials sentenced him in an internal prison disciplinary proceeding for possession or use of dangerous drugs, Infraction No. 22-03-046. *Id.* The Court discerns the 2023 date is a scrivener's error and that the internal sentencing actually occurred on April 13, **2022**. Franklin's associated state habeas proceeding, Case No. D-307-CV-

2022-1047, contains internal prison documents confirming that date.  *See* Doc. 1 at 3 (citing Case No. D-307-CV-2022-1047 as the associated state habeas proceeding); Petition for Writ of Habeas Corpus in D-307-CV-2022-1047 (attaching the internal prison documents associated with Infraction No. 22-03-046, which confirms the sentencing occurred on April 13, 2022).

On July 8, 2022, Franklin filed a state habeas petition challenging the disciplinary conviction.  *See* Petition for Writ of Habeas Corpus in D-307-CV-2022-1047.  The state trial court dismissed the petition on November 9, 2022.  *See* First Order of Dismissal in D-307-CV-2022-1047.  Franklin sought reconsideration and filed a supplement to the state petition.  *See* Motion in D-307-CV-2022-1047.   The state trial court initially reopened the matter; however, the supplemental petition was later dismissed by an Order entered February 2, 2023.  *See* Second Order of Dismissal in D-307-CV-2022-1047.  The state trial docket reflects that Franklin did not appeal any habeas ruling in Case No. D-307-CV-2022-1047.  His § 2241 Petition lists a New Mexico Supreme Court (NMSC) case number, No. S-1-SC-39799, but that appellate proceeding does not relate to Case No. D-307-CV-2022-1047.  The cited NMSC proceeding instead relates to Franklin's state murder conviction in D-1333-CR-2012-184.  *See* Docket Sheet in No. S-1-SC-39799.

Franklin filed the instant § 2241 proceeding on August 18, 2023.  *See* Doc. 1.  He alleges LCCF hearing officers violated his due process rights and that there is insufficient evidence to support his disciplinary conviction on Infraction No. 22-03-046.  *Id.* at 5, 6.  Franklin paid the $5.00 filing fee, and the matter is ready for initial review.

## DISCUSSION

The Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241.  Rule 4 requires

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States

a *sua sponte* review of habeas petitions. Courts review each claim under Rule 4 to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Proper presentation "requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

The Petition and associated state dockets clearly reflect that Franklin did not present his federal issues to the NMSC. As noted above, the Petition cites NMSC Case No. S-1-SC-39799 as evidence that he exhausted all claims in state trial court Case No. D-307-CV-2022-1047. That NMSC case pertains to Franklin's state murder convictions and bears no relationship to the 2022 state disciplinary conviction resulting in Infraction No. 22-03-046. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms that Franklin has not exhausted state remedies. *See* https://securecourtcaseaccess.nmcourts.gov/. The

---

District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition).

SOPA system reflects that Franklin has not filed any NMSC appeals in connection with his unsuccessful state habeas proceeding in Case No. D-307-CV-2022-1047.

For these reasons, the Court will require Franklin to show cause why his § 2241 Petition should not be summarily dismissed for failing to exhaust state remedies. The show-cause response is due within thirty (30) days of entry of this ruling. It must include the correct NMSC case number, if Franklin maintains he appealed the state trial court ruling in Case No. D-307-CV-2022-1047. If Franklin recognizes he has not exhausted state remedies in connection with this disciplinary conviction (Infraction No. 22-03-046), he need not respond to this ruling. The failure to timely respond and overcome the exhaustion requirement will result in dismissal without prejudice to refiling after he has exhausted his state court remedies. Said differently, Franklin may refile a § 2241 proceeding that challenges Infraction No. 22-03-046 at a later time. Unlike a 28 U.S.C. § 2254 petition challenging a state criminal conviction, "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021).

**IT IS ORDERED** that within 30 days of entry of this Order, Franklin must show cause in writing why his § 2241 habeas action should not be dismissed without prejudice for failure to exhaust state remedies.

_____
UNITED STATES DISTRICT JUDGE