IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.                                                                                 No. 23-cv-0694-DHU-LF

RONALD MARTINEZ, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Bryce Franklin's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Franklin challenges his prison misconduct conviction for possession or use of dangerous drugs. The Court previously directed him to show cause why this case should not be summarily dismissed for failure to exhaust state remedies. Having reviewed the record and applicable law, and because Franklin did not respond, the Court will dismiss the Petition without prejudice.

## BACKGROUND

The background facts are taken from the Petition and Franklin's state criminal dockets cited in the Petition, which are subject to judicial notice. *See* Case Nos. D-307-CV-2022-1047; S-1-SC-39799; *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Franklin was previously incarcerated at the Lea County Correctional Facility (LCCF). *See* Doc. 1 at 1. The Petition states that on April 13, 2023, LCCF officials sentenced him in an internal prison disciplinary proceeding for possession or use of dangerous drugs, Infraction No. 22-03-046. *Id.* The Court discerns the 2023 date is a scrivener's error and that the internal sentencing actually

occurred on April 13, **2022**. Franklin's associated state habeas proceeding, Case No. D-307-CV-2022-1047, contains internal prison documents confirming that date. *See* Doc. 1 at 3 (citing Case No. D-307-CV-2022-1047 as the associated state habeas proceeding); Petition for Writ of Habeas Corpus in D-307-CV-2022-1047 (attaching the internal prison documents associated with Infraction No. 22-03-046, which confirms the sentencing occurred on April 13, 2022).

On July 8, 2022, Franklin filed a state habeas petition challenging the disciplinary conviction. *See* Petition for Writ of Habeas Corpus in D-307-CV-2022-1047. The state trial court initially dismissed the petition on November 9, 2022. *See* First Order of Dismissal in D-307-CV-2022-1047. Franklin sought reconsideration and filed a supplemental state petition. *See* Motion in D-307-CV-2022-1047. The state trial court reopened the matter to consider Franklin's new arguments; however, the supplemental petition was ultimately dismissed by an Order entered February 2, 2023. *See* Second Order of Dismissal in D-307-CV-2022-1047. The state trial docket reflects Franklin did not appeal that ruling. His § 2241 Petition lists a New Mexico Supreme Court (NMSC) case number, No. S-1-SC-39799, but that appellate proceeding does not relate to Case No. D-307-CV-2022-1047. The cited NMSC proceeding (No. S-1-SC-39799) instead relates to Franklin's state murder conviction in D-1333-CR-2012-184. *See* Docket Sheet in No. S-1-SC-39799.

Franklin filed the instant § 2241 proceeding on August 18, 2023. *See* Doc. 1. He alleges LCCF hearing officers violated his due process rights and that there is insufficient evidence to support his prison misconduct conviction on Infraction No. 22-03-046. *Id.* at 5, 6. By a Memorandum Opinion and Order entered September 19, 2024, the Court screened the Petition under Habeas Corpus Rule 4 and determined Franklin failed to exhaust state remedies before

seeking federal relief.  *See* Doc. 4 (Screening Ruling).  Franklin was permitted to file a response showing cause, if any, why the Court should not be dismissed without prejudice to refiling after the exhaustion process is complete.  The Screening Ruling warns that the failure to timely respond will result in dismissal without prejudice.  The show-cause deadline expired no later than October 21, 2024.  Franklin did not file a response.  The matter is therefore ready for final review.

## ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition.  *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court *sua sponte*.").

As noted in the Screening Ruling, the Petition and associated state dockets clearly reflect that Franklin did not present his federal issues to the NMSC.  The Petition cites NMSC Case No. S-1-SC-39799 as evidence that he exhausted all claims in state trial court Case No. D-307-CV-2022-1047.  However, NMSC Case No. S-1-SC-39799 pertains to Franklin's state murder convictions and bears no relationship to the 2022 state disciplinary conviction resulting in Infraction

No. 22-03-046. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms that Franklin has not exhausted state remedies. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Franklin has not filed any NMSC appeals in connection with his unsuccessful state habeas proceeding in Case No. D-307-CV-2022-1047.

The Court previously explained these principles and gave Franklin the option to not respond to the Screening Ruling, if he still plans to complete the exhaustion process. *See* Doc. 4 at 4 ("If Franklin recognizes he has not exhausted state remedies in connection with this disciplinary conviction (Infraction No. 22-03-046), he need not respond to this ruling."). Based on Franklin's failure to respond, the Court will dismiss the Petition without prejudice to refiling whenever the state exhaustion process is complete. Franklin does not need to refile his § 2241 claims within any specific timeframe. *See Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021) (Unlike a 28 U.S.C. § 2254 habeas petition challenging a state criminal conviction, "there is no statute of limitations for petitions invoking § 2241"). This proceeding does not count as Franklin's "first" habeas challenge to Infraction No. 22-03-046, since the Court is not reaching the merits of his claims. *See Marques v. Abbiott,* 100 Fed.Appx. 722, 724 (10th Cir. 2004) (barring successive § 2241 petitions and noting habeas petitions may generally only obtain one review of the merits). Finally, the Court will deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to exhaust is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Bryce Franklin's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE